161438 and 161447, Autoridad de Energia Electrica de Puerto Rico v. Vitol S.A. et al. Mr. Carey, good morning. Thank you, Judge Torea. May it please the Court, Gregory Garre, on behalf of the defendants, Vitol Inc. and Vitol S.A. and with the Court's permission, I'd like to reserve three minutes of my time for a rebuttal. Do may. Your Honor, there are two issues before the Court in this appeal. One, the appellees have raised the question as to whether this Court has jurisdiction over this appeal. And two, there's an issue as to whether or not the District Court properly remanded this case to the Puerto Rico courts on the basis of a forms selection clause in contracts that the plaintiff claims are void, ab initio, and without any legal effect whatsoever. We would ask this Court to hold that it does have jurisdiction over this appeal and that the District Court improperly remanded this case to the Puerto Rico courts. I'll begin with the jurisdictional issues since the plaintiff has raised it. This Court and every other circuit that has addressed the issue has held that a remand order based on a forms selection clause is reviewable. The question in this case is whether that changes when there are two defendants, one of which allegedly is bound by the forms selection clause and the other of which is not. The three circuits, 10th, 11th, and 3rd, that have addressed that issue have held that it doesn't change the conclusion that the remand order is reviewable. And we believe this Court should follow suit. I think, you know, one way to look at this is where you have one defendant and that defendant allegedly is subject to a forms selection clause that would send the case back. It's clear that that case is reviewable on appeal. What do you have to say about our Esposito case? The Erickson case, Your Honor? Esposito. Let me help you. Yeah, please. I have the number somewhere, the citation somewhere here. I thought I did. This Court has addressed the forms selection clause issue in the Erickson case, and the subsequent decision in the Puppey-Powells case. In the Esposito case, I believe we held that a district court remand based on breach of the unanimity requirement is unappealable under section 1774B. Yes, Your Honor. And there certainly are cases that hold that, that lack of unanimity. I'm not talking about cases. I'm talking about that case. You're right, Your Honor. And we don't deny that. And that case did not involve a form selection clause. And I think that that fundamentally changes the analysis for three reasons, Your Honor. The first is that a remand on the basis of a form selection clause where there are two defendants for lacking unanimity is indistinguishable from a remand on the basis of a form selection clause where there is one defendant. Why is that? Because in the first case, the ground for the remand is the form selection clause. Yes. In the second case, the ground is unanimity. Well, it's unanimity wrapped up in the form selection clause. The form selection clause alone certainly couldn't do it. But it's not a contractual party. So the clause in the form selection clause is literally not the reason for the remand as to the non-contractual party, correct? I don't think you can feel the two apart, Your Honor. I mean, certainly I appreciate the question. And I think if you look at the order in this case, it's page 26, the remand order, where it gets to the ultimate reason for the remand. And he says that because the form selection clause waived VTOL's ability to consent to a co-defendant's removal, defendants cannot satisfy the unanimity requirement, the case must be remanded. And I think they're two sides of the same coin. Well, but I guess what I'm looking for is some help is how do I, given the Esposito case, what words do I say to explain why, as to the non-contractual parties, the only way to get them out is by invoking the unanimity rule? But there's a case in which you have one party subject to a form selection clause. That's not the case. It's very straightforward to say how under thermotron power X, it's not a defect, it's not a subject matter of jurisdiction, therefore it falls outside the bar to review and appealability. It's harder textually to say that when the only way to explain why the whole thing is remanded requires one to invoke a unanimity rule, which is a defect or a subject matter of jurisdiction reason. So what words would one say to explain, given that, why, nonetheless, the appealability bar doesn't apply? I would say first, Your Honor, that a remand for lack of unanimity on the basis of a form selection clause is not a defect within the meaning of 1446B. I think the defects that are covered by that are intrinsic to the removal process. It doesn't involve a situation where you have a factor like a form selection clause, which is extrinsic to the removal process and involves a substantive question of contract interpretation. I'd also say that, and this is what the other circuits have recognized, is that these remands and a form selection clause in the multi-defendant context are indistinguishable from remands involving a single defendant on the basis of a form selection clause because both remands involve a substantive question of contract interpretation. I think also, if you look at the... But you get... It doesn't take care of all of it, and so I'm just trying to figure out, so is there an argument that unanimity is not jurisdictional? No, not... I mean, certainly a lack of unanimity... In the ordinary case, that's jurisdictional, right? Where it's intrinsic to the process is simply a failure to consent, where it's operating on the basis of a substantive... So that's what... How do I get there? Is it because I'm looking behind the remand order in the way that Power Act suggests maybe is possible? What do I... No, I would look at the remand order, and there you would find that the remand... You don't have to look behind anything. It's all in the remand order, and it's clear that the remand order is finding unanimity on the basis of a form selection clause, and I would say that that kind of remand order... It's also finding that it's invoking unanimity. That's why I just... Do I just ignore those words? No, I don't think you have to ignore them. I think you'd find that... What do I say about that aspect of the order? I think you'd find that it's functionally indistinguishable and that Congress did not intend for a lack of unanimity that is the result of an extrinsic factor, like a form selection clause, to be unreviewable, and that's because it doesn't invoke any of the concerns that Congress had in limiting the review of remand orders. I mean, the classic case was a remand order based on jurisdiction or a factor intrinsic to the process, and Congress said... Suppose there were no unanimity requirement. In other words, if two defendants were sued, either one could remove it, and it didn't have to show unanimity. And then one of them, X, was a party to a slam-dunk forum selection clause that opted for state court. The other was not. What would happen in that situation when the plaintiff moved to remand? Well, I think the defendant that was subject to the form... First of all, it would be reviewable. There would be no basis for... I'm just thinking, if the district court wanted to remand, could it split the action and remand just as to X, or would it have to remand the whole action as to S and Y? I think it could split the action, Your Honor. I mean, some district courts have looked at the question of judicial economy and whether it would make sense to remand it. Okay, so if it could do that, were there no unanimity rule, then Y would still be in federal court and X would be in state court. Here, though, the court is also sending not just X but Y back to state court. The only difference would seem to be that here, in real life, we have a unanimity rule, whereas in the hypothetical we did not. So it does seem like the unanimity rule is being given some real import here. Well, I don't think so, Your Honor. I mean, this question of appealability... The reason why I would say it doesn't have real import is if you think about it, if there's one defendant and there's a form of selection clause, it's clear that that's appealable. If you bring in a second defendant, as you have here, that defendant is not bound by the form of selection clause. It can clearly consent to anything. It makes no sense to say that the addition of that defendant, which can consent to anything, is the reason that the remand order is not appealable. I mean, that makes no sense at all. Isn't the reason that the only ground for remanding with respect to that defendant is the unanimity rule? And the unanimity rule happens to be jurisdictional, and Congress, in its wisdom, passed a statute saying we can't review remand orders based on jurisdictional reasons. But I would give the answer that the other three circuits that have addressed this have said, which is that those remands are functionally indistinguishable because the lack of unanimity is based on the form of selection clause, which is an extrinsic matter of contract interpretation, which doesn't implicate the concerns that Congress had when it limited reviews of certain aspects, subject matter, jurisdiction, and jurisdiction. You're using words that just make me nervous, given the way Power X is written, which is, like, functional. They couldn't have meant it. Really? But I'm just stuck with there's a statute which says jurisdiction grounds can't be reviewed. I haven't heard you yet say that the noncontractual defendants are having their claims sent back for any reason other than a jurisdictional one. Well, it's not true. Because you said earlier if there was no unanimity rule, it may be their claims would not have been sent back because there would be discretion to keep them. So the only ground given in the order that requires it to be sent back is not based on they're a closely related party, so therefore they're tied into the form of selection clause or judicial economy and discretion, which would be a thermotron. The only ground given is I'm bound to do it for jurisdictional reasons because of the unanimity rule. That's exactly the kind of ground that Power X says is barred from being reviewed. So as to those defendants, what is the ground for saying that we can review that? So, Your Honor, first of all, I would quibble a little bit and say that I think that there's a distinction between subject matter jurisdiction and the defects in 1446. I don't think this is a jurisdiction. Oh, we can't review either. If it's under 1447C, either jurisdiction or subject matter or defects in procedure, we can't review either. It's only when we get outside those two boxes. You're right. If you change Judge Barron's question to eliminate jurisdiction and put in its place defects in procedure, then the question still stands. Yes, absolutely. And the only reason I quibble a little bit is because Power X involved a subject matter jurisdiction question. And as Justice Scalia said in that case, those issues are really particularly difficult in the line between what's subject matter jurisdiction and what's not as elusively thin as Justice Scalia said. You're trying to make the line between defect and not elusively thin, which is just raising the stakes. So in Power X, the court said, we're not going to allow the district courts to litigate on appeal. As far as litigating on appeal, the question is subject matter jurisdiction. And here you have a question of alleged lack of anonymity that's based on a form selection clause. I don't think you have to peek behind anything because you can look at the text of the order, and that makes clear in the sentence I read you on page 26 of the order, that the determination is based solely on this form selection clause. Granted, the district court did say, ultimately, it's a question of lack of anonymity, but you don't have to look behind anything to say that this order is operating based on one thing, which is the form selection clause. What are the three circuits you say favor you? Your Honor, the Tenth Circuit. Okay, the Tenth Circuit. The Eleventh Circuit. Yeah. And the Third Circuit. And all of those cases were decided before Power, am I correct? They were, Your Honor. And in the case of the Tenth Circuit, didn't the Tenth Circuit reverse itself later in a case? There was a subsequent decision, the Harvey decision, Your Honor, but that case recognizes this distinction that I've been talking about today between extrinsic factors and intrinsic factors. Something like a form selection clause would be extrinsic factor that ordinarily would be reviewable. In the Harvey case, the lack of anonymity. In the Harvey case, they said, There were serious doubts whether SBKC, which is the case you rely on, survived poverty. But they didn't have to go all the way because in that case there was a Well, they say they didn't have to decide it, but they did say that. They did say there were serious doubts, Your Honor, and we would say that the analysis, the results should be the same. Let me ask you what would happen if, and I understand you disagree with this is what legally should happen, but I want to see how crazy things become if one followed this path. If one were to view that although a remand order is reviewable, if it's based on a form selection clause, it's not if it's based on unanimity. And here the non-conjunctural parties, necessarily the only ground given for why they must be remanded, is the unanimity rule. And that falls within the 1447 D part. What would happen? What should happen at that point? Because if I understand it, we would be able to review the form selection clause ground for remand as to the contractual parties. Yes. But that falls outside the bar. We wouldn't be able to review the other piece because that falls within the bar. Right. One crazy result of that, I think, is then there would be no unanimity. So even though the remand order would now on the merits be demonstrated to be wrong, you'd have another set of plaintiffs who have to be remanded because they're subject to an unreviewable remand order, necessarily making all of them non-unanimous again. So the whole thing is thrown out based on an error about the form selection clause interpretation that we'd be affirming or that we'd identify the error and then say the consequence is the same. Right. Is that right? I think that's right, and I think that makes no sense. So how do I avoid? Well, I think you would say that Congress would not have intended that result. Well, it wouldn't have, but. Right. And Congress wouldn't have intended to have this anomalous situation where you've got a single party that's clearly reviewable because you'd want to review a substantive matter of contract interpretation. But if you have the addition of a second party who clearly can consent because that party's not bound by the form selection clause, the order somehow is not appealable. That doesn't implicate any of the concerns that Congress had in mind when it limited review. The courts have recognized, and if you go all the way back to the Snapper case out of the 11th Circuit, that was a single-party case, but nevertheless it recognized why the form selection, remand orders based on the form selection clause are fundamentally different. I think you wanted to say something about the merits, and I have a question on the merits of that. Yes, Your Honor, and I'll take your question. Yes. What is the defendant's position as to whether the contract has been automatically rescinded? We don't believe it has under Puerto Rico law, Your Honor. So we've got a dispute, one side saying the contract is a nullity and the other side saying, no, it's valid. You do, Your Honor, but you also have the situation where the party claiming that the contract is void ad initio without any legal effect whatsoever is the one seeking to veil itself of the form selection clause. And I think under basic estoppel principles, the court ordinarily wouldn't allow that. And then I don't think you pled your argued judicial estoppel, if I'm correct. Well, we certainly You argued equitable estoppel. No, you're right, we haven't argued judicial estoppel. And then what's wrong with this argument that reduced to its practical essence, the plaintiff is saying that none of the terms and conditions of the agreement are at all binding on it, and you are saying, no, their obligation to pay, which is one of the terms and conditions, was not vitiated, and that this dispute, therefore, regards the terms and conditions of the contract. What's wrong with that argument? Well, I think if you look at the claims in the agreement, Your Honor, in the complaint, Your Honor, virtually all of them are focused on the operation of Puerto Rico statutes. What Your Honor referred to is the counterclaim, and I don't think the counterclaim could be the basis for bringing this case within the form selection clause. But your argument, what's at dispute here, basically, is are the terms and conditions of the contract valid or not? Well, I think that's fundamentally not the case, and reading the complaint is the best way to see that, that these are claims alleging that the contracts are void ab initio without any legal effect. There's no Wouldn't that be a dispute regarding the contract? It would be a dispute regarding the contract. Then what's the difference between a dispute regarding the contract and a dispute regarding the terms and conditions of the contract? Because the contract is nothing more than the sum total of its terms and conditions. Sure. And these are different types of clauses that you see in commercial practice. A dispute concerning the terms and conditions of a contract, the classic example, would be a claim for breach of a particular provision. And if you conclude or hold that a form selection clause pertaining to the terms and conditions of the contract is the same as a form selection clause pertaining to the contract, then you've eliminated the difference between those two. What do you do with the fact that, as I understand Puerto Rican law, the statute actually, your contract includes, as an implicit term and condition, the rescission clause under Puerto Rican law. The statute says it does. So I think, Your Honor, referring to certain certifications in the contract. And those certifications are actually worded differently than law 458, which is why the claims in this case are brought under law 458. They're not seeking to enforce the particular certifications in the contract. There's some language about that in their brief in this court, but it's not in their complaint. Can I make sure I understand? I think I understand the difference between a clause that says regarding the contract and one that says regarding the terms and conditions of the contract. Because one could imagine that a defamation claim or something like that requires some tie to the contract. But our case is slightly different than that. Because what you're saying is, even though it regards the enforcement of the contract, it doesn't regard the terms and conditions of the contract. And I'm having trouble understanding how a claim about whether a contract is enforceable is ever about anything other than a term of the contract, since enforceability is clearly a term. Right. And I think the answer is they're not seeking to enforce the contract. No, no. You're now getting rid of the word regarding. This is not a claim to enforce the contract. It's a claim regarding the enforcement of the contract. The contract cannot be enforced if it's going to be in this jail. Right. So why isn't that regarding a term or condition of the contract, namely the enforceability of the contract? It's not a thing to enforce it. It's a claim not to enforce it. I think that just collapses. Well, it doesn't because it still leaves open the case. If you brought a defamation claim that only could get going if you could show that there was a contract in place, it would regard the contract. But that's much broader than regarding. I don't know of any case that suggests when the nature of the claim is whether the contract is enforceable, we would treat it as not being about the terms regarding the terms and conditions of the contract because the term of the contract is that it can be enforced. The nature of the claim here is really whether or not PREPA, the plaintiff, had the capacity or authority to enter into the contract. And therefore, one of its terms couldn't be enforced, namely that you have to enforce it if each side carries it out. I mean, literally, it regards the terms and conditions. I don't think it does, Your Honor. And I think to determine that, you'd have to look at the claims and the complaint. And all of those are not about interpreting, enforcing any specific provision in the contract. They're all about claiming the contract. It doesn't say regarding the interpretation of terms and conditions. It says regarding terms and conditions. One term is surely to be enforced. It's got to be terms in the contract that lead to its enforcement. I think, again, Your Honor, I think that that eliminates the distinction between the language that No, it doesn't, again, because it's not regarding the contract. It's regarding enforcement of the contract. And that would be regarding a term of it. A defamation claim doesn't regard any term of the contract. I think what I would point you to is the Formland case out of the Eighth Circuit. And what that case recognizes is that there are suits that are broader than the Form Selection Clause. And in that case, you had a fraud claim that was brought against many different parties. And the Form Selection Clause in that case allowed for fraud claims against a particular party. And what the court in that case said is that the suit that was brought was broader than the Form Selection Clause, that there was no reason that the parties, when they agreed to that clause, would have anticipated that this type of suit could have been brought. They weren't challenging the enforceability of the contract, were they? No, it was different. That's what I'm saying, that that's what's different. It's analogous here because when we agreed to a Form Selection Clause about disputes regarding the terms and conditions of the contract, we never anticipated that we would be agreeing to have Puerto Rico courts litigate a dispute which is all about whether a Puerto Rico statute vitiates their consent to agree to the contract at the very outset and whether they're entitled to statutory confiscation remedies under a Puerto Rico law. That's a fundamentally different suit of the type that we never agreed to. I'm still having trouble on the incorporation clauses. I understand that your contract actually contains a clause under Puerto Rico law that says that the conviction of guilt for any of the crimes listed in 928B will entail automatic rescission of the contract. So that is a term and condition of your contract, if I understand. But, Your Honor, they're not seeking to enforce that. That's our point. They're not claiming this contract was automatically rescinded? They're bringing a claim that in entering into it, there was a violation of a Puerto Rico statute, Law 458. Now, there's some overlap in a broad sense between some of the certifications in the contract and the Law 458. Did the conviction occur prior to the first contract? I believe it did, Your Honor. But I think fundamentally you need to look at the claims that are being brought in. Your contract occurred in November 20 of 07. Yes, Your Honor. The first one you, I don't know if it's your client or your client's brother. A company that has the same name, more or less. Yes, Vito Ese, which is legally the same. They pled guilty in the Federal District of New York, as I understand. Yes. On November 20, 07. And at least four of the contracts were before that, right? Yes, yes. But there was one after it. There was one after it, I believe. But I think the important point, Your Honor, is that they're not bringing a claim that we breached that provision of the contract. They're not seeking to enforce the contract in that respect. They're bringing a claim which seeks to enforce Puerto Rico statute, Law 458, under which they claim they lack the capacity to enter into the contracts at all. And we think that that is not a claim that concerns the terms and conditions of the contract. It's a claim that it most concerns. Just so I understand when you say under 458. I mean, is there a claim, a contract law claim, that this contract is void, and then the reason they happen to give is 458, which is different than suing to enforce under 458. In other words, it's a contract law claim. I don't. Is that wrong? I don't. It's certainly not a breach of contract. They say it was. They say it was. I said it was a contract law. One type of thing you can bring, if I want to bring an action to void a contract, that's a contract law claim. I learned about it in contracts class, right? Well, it's a void. What they're seeking is a declaratory judgment of a violation of Law 458. I mean, that's the first cause of action. Yeah, but the effect of that is to void the contract, as you say. Well, they claim that the contracts, and this is clear from their briefs, were void ab initio, and without any legal effect whatsoever. They never came into existence because they lacked the capacity to contract to begin with, which is a different type of claim than one that the contract came into existence but shouldn't be regarded. Their claim is it never came into existence at all. And that's a distinction that the courts have recognized, and I think that's another reason why this can't be regarded as a. . . Well, it wouldn't be a claim about the terms and conditions of the contract. That's still not totally answering me. Well, of course, this case involves a contract, and I guess in some sense you could say. . . I mean, you'd be, that'd be under the statute that says children don't have capacity to. . . Right. Contract would be. . . Right. They would be seeking to. . . That's. . . Enforcing the. . . We certainly acknowledge that they're seeking to declare the contract void ab initio without any legal effect, but on the basis that it never existed at all because they lacked the authority to enter into it. Thank you. Thank you, Your Honors. Good morning, Your Honors. I would like to reserve also three minutes for rebuttal. My name is Eduardo Corrector, and I'm here for counsel for PREPA, which is the appellate. Did you say you wanted to reserve three minutes for rebuttal? Yes. I believe that counsel reserved time for. . . I don't think you have a right to rebuttal. I don't have. Okay, sorry. I'm sorry. I was trying to find out what your name was. I can't find it, and as a result, I wasn't listening to you. Sorry. My name is Eduardo Corrector, and I apologize. In the bankruptcy appellate file for the first record, we're allowed to do it, so I thought I had that right here, so I apologize. If you may, please, the Court. I would like also to start with the jurisdictional aspect. I think the Court is totally correct to say that we cannot separate the unanimity requirement from the district court's decision to rebut. Then doesn't that hurt you? If we change one fact here, if we just say that the forum selection clause is not applicable in this case, then doesn't it follow that the grounds for remanding the entire action, including both parties, disappears? No, Your Honor. I think that . . . Well, tell me how. Let's assume there's no . . . the forum selection clause isn't controlling, all right? So let's assume we agree with . . . and I know you don't. Let's assume we agree with the defendants that this is not an action concerning the terms and conditions of this contract. So if it's not an action concerning the terms and conditions of contract, the forum selection clause has nothing to do with the case. Now explain to me how any aspect of the remand order would still stand. Well, Your Honor, if there was no applicable forum selection, then both defendants' consents, I guess, to the removal would be there. Because, obviously, what prevents them, I guess, from consenting is the forum selection clause. However, once the party is prevented from consenting, the other party also needs to consent and cannot meet that unanimity requirement. So that's why I think you cannot separate one from the other. Is that a bit of a fiction? Because here, in fact, both parties actually joined in the removal petition. Sure. Okay, so in fact, they gave their consent. What the court below is saying is that because of a contractual clause, one of them lacked the power to do that, so the court's going to ignore what was in consent, in fact? What the court is saying is that the consent given by the party that was subject to the forum selection clause was invalid. He contractually waived his right to consent to removal. And, therefore, the other party, who is also asking for removal, cannot legally or validly obtain the consent from the party that is bound by the forum selection clause. And so the unanimity requirement cannot be validly met. But you concede or do not concede that in a one-party forum selection case where the remand is based on the forum selection clause, we can review the merits of the forum selection clause interpretation? Well, I don't concede it, although I know it's, I guess in my view, it's a lesser argument over the weaker argument. So that means you think you can still win even if that is reviewable? Sure. Okay, so let's start with that assumption then. Sure. So we... Sorry. Same thing I asked your opponent. On your view of the world, we potentially could review on the merits because it's not concerning a defect or jurisdiction. No, in my view... Hold on. Sorry. We could review if they had just appealed, if the defendant's contraction bound to the forum selection clause appealed on the ground that the forum selection clause ruling was wrong and the forum selection clause cannot be a reason for their claims to be remanded. We could review that. I know you don't need to win on that. So if you could review that, we then have a holding that potentially there was an error in the interpretation of the forum selection clause. Either it was void because of judicial estoppel or they read terms and conditions incorrectly. But you'd still have us say that we couldn't look behind the ruling on unanimity which applies to the non-contractual parties. Sure. Isn't that kind of crazy? Because the only reason that that party can't have their claims remanded is because of a forum selection clause that we will have held on the merits, not subject to any availability bar, was clearly incorrect. And then even worse, if I take your logic, we then have to hold and those parties who were wrongly remanded based on incorrect interpretation of the forum selection clause can't be remanded because there is an unreviewable aspect to the remand order since it was based on the unanimity rule, thereby rendering all the parties non-unanimous. It just seems to be, doesn't make any sense. Well, I think there's a balance that was tried to be reached. You have the purpose behind not allowing remand orders to be reviewed is essentially to avoid this process of having cases going back and forth between the state court and the federal court consuming resources and time without allowing the parties to actually engage in litigation about the merits, which is exactly what happened in this case for six or seven years. So, if that's the purpose, then once the district court determined that remand was proper because the unanimity rule was not satisfied, and that is a callable argument, the court should not have to look behind that to make any decisions on whether the determination is necessary. Whether the decisions made by the district court were correct or not. Once the district court decides, in my view, the unanimity rule has not been satisfied and the district court's claim is callable, that should be the end of the analysis because otherwise then you engage in litigation that's going to be time consuming and lengthy in time. Let me tell you one of the things that's concerning me about your argument because I see the logic, but take the case of one single defendant and they remove the case and then there's a forum selection clause. And the judge wrongly says this forum selection clause controls, so I'm going to remand for that reason. But then the judge just says, having read this case, says, oh, and by the way, because of the forum selection clause, you didn't have the authority to sign a removal petition to remove the case, so therefore I'm also remanding it for lack of following the procedures and defects in the procedures for removals. You could do that, you could say that in 100% of the cases involving forum selection clauses. So by your logic, as long as district courts or parties added on that little frosting to the cake here, we would never review any, or be able to review any cases involving forum selection clauses. What's wrong with that argument? I don't think that the argument preventing that reviewability is wrong. I think that's precisely what the statute seeks to avoid that sort of litigation. So then you see how this sort of, I call it the frosting or boots or whatever you want to call it, this piling on after you've said there's no, that the forum selection clause controls. Once you then start teasing out the ramifications of that, that someone can put it in terms of their authority to do anything, well, they have no authority to seek federal court. Every rule will sort of get wiped out, including our own holding. I mean, that will render a nullity, our holding in Erickson. Well, I guess that could only happen in multi-defendant cases, obviously. Well, no, it would be a one-defendant case. It would happen. No, if it's a one-defendant case, then there's not going to be an issue of unanimity. Sure there is. It won't be unanimity. It will be no authority to sign the removal petition. But that's not an issue of the unanimity rule. That's just an issue of... Right, but it's another defect that we can't normally review under 1447 C and D. No, I think that if it's only one defendant, and under your assumption, my assumption is that, or my position is that the remand order should not be reviewed either way. Assuming that it would be reviewed, if it's a one-defendant case, then the issue is no longer unanimity. It's only... So the judge or the district court in a single-defendant case could not tack on to its reasoning. The difference is the remand, the form of selection clause is both necessary and sufficient in the one-party case. Sure. It's necessary but not sufficient necessarily to require a remand of the non-contractual parties in a multi-party case. The only reason you have a unanimity problem is because of the form of selection clause. So it's necessary to it. But since it's possible that a non-contractual party could be kept there if there were no unanimity rule, it's not sufficient. You also need the unanimity rule, which is a jurisdictional rule. That's just not true in the one-party case, because in the one-party case, the form of selection clause is both necessary and sufficient to remand all of its own. So you can distinguish the two situations. Exactly. So that's what I was saying. When you distinguish the two situations, you come back to the crazy consequences of having no reason not to permit the remand order, based on the form of selection clause as the contractual parties, to be reviewed on the merits by us, but then insulating the other piece of it. And that just seems so strange. Well, I think everything gets insulated, though, because if it's a multi-party or multi-defendant situation, or a multi-party situation where more than one party is subject to the form of selection clause, all of them are not allowed to seek review of the remand order because they couldn't meet the unanimity requirement. What is your view as to why this order, the court, is tolerable? I think it is, Your Honor, because the court is saying this party, under the form of selection clause, could not consent to removal by the other party, and you needed both parties to consent to removal. And so the court is saying, pursuant to the form of selection clause, X could not consent, and therefore Y cannot meet the unanimity requirement for that removal. So it is tolerable. If you're giving this thought to, I'm not sure I've encountered this before, do you remand an action or do you remand parties or do you remand claims? I think there's a court split in terms of what you do with regards to form of selection clauses, if that's your question. I mean, if someone sues A and B, is it actually even possible for a court to remand part of it, to split the cause of action as between A and B and remand just as to A? Is that even possible? The way that I have seen the courts handle this, I guess, issue when you have one party that's bound by a form of selection clause where certain claims are and others are not, is they will look to see if the claims are related, if they involve the same facts, I guess, to put it that way. Now, most courts, at least in my research, have decided that if the claims are related, they will apply the form of selection clauses to all of them and to the parties. There's some cases that say I'm going to split them up, which obviously creates, I guess, judicial inefficiency in terms of trying the same facts, but most courts in our research have said that the claims, if they're related to the claims that are covered by the form of selection clause, if they will need to look at the same facts or similar facts, then they are all subject to the form of selection clause. And the same thing goes for other parties. If the parties are related and they should have been expected, I guess, to put it one way, to be brought up into the case, then they are also subject to the form of selection clause and then they get sent to the selective form. I don't know if this is relevant, but there seems to be a doctrine with respect to form of selection clauses as to whether a non-party can be effectively bound to it because they're closely related. Correct? Yes, the doctrine is that they can be bound by the form of selection clause if they are closely related. Now, if the district court decided on that ground, that wouldn't be a unanimity ground, but it would have the same result, right, be effectively the same thing. In other words, you're a non-contractual party, so the reason that you're being remanded is not because of the form of selection clause directly, it's because you're closely related to it and so it extends to you. And under our precedent, that would seem to fall outside the 1447d bar because it wouldn't be a defect or jurisdictional. But here, for whatever reason, the district court didn't make any findings or analysis of whether this was a closely related party. Its only ground for treating it as affected by its ruling about the form of selection clause was unanimity. I think if I may, I think the reason for that is because here there are six contracts. All of them have essentially the same form of selection clause and at least one of each of the parties signed one of the contracts. So as to the claims pertaining to the contract signed by VTOL-SA, then VTOL-SA could not consent to removal of those claims by VTOL-INC. And as to the claims pertaining to the contract signed by VTOL-INC, VTOL-SA, which was not a signatory to those contracts, could not, I guess VTOL-INC could not consent to the removal by VTOL-SA of those claims. And vice versa as to the other contract. This may not be relevant, but I would like to know what your explanation for it is. That after it was discovered that VTOL had been convicted on November 20th, 07, your client continued to place orders with them. In fact, they stated that the contract would be valid until, would continue until January 31st of 2010. I don't think it has, obviously, I think it's irrelevant, I guess, for purposes of the questions before the court, which have to do with whether the form selection clauses are applicable or not. And whether the order of remand is reviewable on appeal or not. But the, when my client, and I'll call it PREPA, which stands, is the acronym, I guess, for the Puerto Rico Electric Power Authority. It's easier to say that, the name in Spanish. So when PREPA found out that a VTOL party had been convicted, PREPA originally didn't know which VTOL party it was. There's over 13 entities with a VTOL name in it. And so how PREPA found out about the conviction was that PREPA heard in the radio that some VTOL entity had been convicted in New York. So there was a period where PREPA needed to investigate what had occurred. Once VTOL Inc., which was the party then doing business with PREPA, informed PREPA that VTOL SA was the party that had pled guilty in New York, PREPA needed to ascertain the relationship between the two entities and make a decision as to whether the representations that had been made to PREPA in the contracts were false so that PREPA would have a nullity action for those contracts, whether Law 458 applied to that relationship because it wasn't VTOL Inc. the one that had pled guilty, and the decision to file the claim was made after that letter was sent and that the letter to which your audience is referring to was not sent in connection or regarding the situation that occurred as a result of PREPA finding out that VTOL SA had pled guilty. It was a letter, sort of a routine letter, if you can put it that way, sent by the official of the purchasing office for PREPA, who probably at that time didn't know that there was an investigation going on within PREPA to determine what were the consequences of VTOL SA's guilty plea as to the contracts. On the merits, could you just address the terms and conditions argument, if I understand right, and then also the equitable stop argument? Sure, Your Honor. The PREPA's claims, all of them have to do, are related to the terms and conditions of the contract, and I guess I'll quote this on record, by reason of a discoverable or established connection. PREPA's claims is that the contracts required VTOL Inc. and VTOL SA, respectively, as to the contracts that they were entering into, to make certain representations to PREPA. They had to represent that they, first they had to inform PREPA if they had any knowledge of any investigations, judicial, legislative, or administrative, pending against them. And they said no. And the evidence shows that, at least at some point in time, they did find out, and after that they knew of those investigations, they still represented that they didn't have any knowledge of those investigations. But you're not suing for damages for breach on those, are you? Because the reason why we're claiming, I guess the, for the claim to be related to the terms and conditions does not have to be a claim for breach of contract, but for damages or breach of contract. What is your claim then? Our claim is, I guess if I can split it between the two different complaints, because they're not identical, there are six contracts. Four of them were executed prior to VTOL-SA entering into plea. Two of them were executed afterwards. All of them required, however, for VTOL-SA or VTOL-INC to represent to PREPA and inform them whether they knew of investigations pending against them, or whether they had pled guilty or been convicted, and to represent to PREPA that they were not legally prohibited from entering into a contract with PREPA. Those representations and the omission by VTOL-SA and VTOL-INC of informing PREPA about VTOL-SA's guilty plea and the investigations in VTOL-SA were false representations that led PREPA to award them the contracts. And so one of the rules that he claims is that those false representations, or fraud if you want to call it that way, led PREPA to enter into contracts that if it had known that the investigations were pending, or that if it had known that VTOL-SA had been convicted, PREPA would maybe not have entered into those contracts. So you can't win unless you can show a misrepresentation? No. I can and I'll tell you why. Act 458 provides that the contracts entered into with PREPA, for example, include a clause that says that contracts with an entity that pleads guilty or is convicted for one of the enumerated crimes in the law or its equivalent in some other jurisdiction are automatically rescinded on the day of the guilty plea or conviction. So as to the four contracts that were entered prior to VTOL-SA's conviction, those were not null and void because of Act 458 ab initio. The claim of nullity has to do with PREPA's consent having been, I guess, falsely induced by the false representations. But the automatic rescission claim has to do with that particular term and condition included in the contract pursuant to Act 458. As to the two contracts that were entered after VTOL-SA... So your claim on that is that it was automatically rescinded? That's the claim? For the four contracts that were... Well, we have two claims. We have a claim that they are null and void because PREPA was falsely induced to enter into them. And we have a claim that says even if they were not null and void because of those false representations, once VTOL-SA pled guilty, they became automatically rescinded effective on that day, not retroactively. So as to those claims, if PREPA were to lose on the claim that they were null and void ab initio because of the false representations, then as to those four contracts, PREPA's claims for collection of the money that was paid to VTOL-SA or VTOL-LINK would only be for monies paid after the automatic rescission, not retroactively. The other two contracts were entered after VTOL-SA had pled guilty. As to those two contracts, PREPA is asserting essentially the same claim of nullity because of the false representations. And then a claim that the contracts themselves were also entered in violation of Act 458 and therefore also null and void. One last question. With respect to the 458 dimensions of it, the automatic rescission, not the fraudulent induced runner, but the automatic rescission and then the void by virtue of 458, can you explain to me how the Form Selection Clause can survive if the entire contract has been rescinded or was voided? Sure. The Form Selection Clause clearly survives as to the contracts that were automatically rescinded. They just terminate pursuant to one of their own terms. It says this contract terminates if you are convicted of this or you plead guilty to X or Y. And the Form Selection Clause is not part of that contract? Yes, it is. The Form Selection Clause has survived termination of the contracts, whether it's because the contract expired, whether it's because it's terminated because it was a breach, or whether because a contract or a condition of the contract calls for its termination upon the occurrence of an X event. As to the contracts that were entered after the conviction or guilty plea, the Form Selection Clauses are severable also from the main agreement. Because the issue here is not that PREPA could not consent to the Form Selection Clauses, it's that the contracts are null and void because they were illegal, entered against law. And an example is the Buckeye cashing check, I think it's called the name of the U.S. Supreme Court case, where the court ruled you have to sever the Arbitration Clause or Form Selection Clause from the contract despite the claim that the contract was void because it violated Illinois' public policy or usury laws. There's a distinction between a claim where someone who doesn't have the mental capacity to agree even to the Form Selection Clause is null and void. And so if a child consented to the agreement, you couldn't say, well, the agreement is void because the child couldn't consent to the main contract, but you can still separate the Form Selection Contract, which is the way that the law views it as two separate, I guess, contracts, the main contract and then the Form Selection Agreement. But you can separate that because the child could technically consent to that. Well, no, the child couldn't consent to either. Here, there's no impediment for PREPA to consenting to the Form Selection Clause. If you're right on both of those points, then we can avoid the jurisdictional question because we could just assume jurisdiction and uphold the remand order. Can you repeat it because I think I lost what you were trying to say. If I followed you, you're giving two arguments for why the interpretation of the Form Selection Clause was correct. One, it's terms and conditions, or it's regarding terms and conditions. And two, their argument about judicial estoppel or equitable estoppel is wrong. It is. If both of those things are true, we can assume reviewability of the remand order and affirm it. Should they correctly remand it? Should they just bypass the whole Power Act issue, just assume hypothetical jurisdiction and affirm? Exactly. If the court were to assume that it has jurisdiction, then it can bypass the issue and then do it. But we can only do that if you are right on both of those points because otherwise we'd be faced with the potential that the remand order was wrong. Sure, but I think we're right on those points. Thank you. Thank you, Your Honors. On jurisdiction, I think I would agree with Judge Barron and Judge Galliano that their position makes no sense as a practical matter and is going to lead to manipulation. I think for that reason, I think it's inconceivable that Congress would have intended to preclude review of these sorts of remand orders. I don't think Power Acts changes that result at all. It certainly doesn't compel the conclusion in this case because Power Acts didn't deal with a forum selection clause. It dealt with a case of subject matter jurisdiction where the courts have made clear that that sort of elusive inquiry is not the sort that they want to subject to review in the remand order context. With respect to the merits of the scope of the forum selection clause, a few points on that. One, one of the reasons why it's clear they're not bringing claims to the contract is they have conceded that they have no damages on any contract-related assertion. That's at page 228 and 189 of the appendix. Two, I think it's important to understand the nature of these suits. The contracts which have expired, they were performed. Oil was given to PREPA. PREPA actually paid. And what these suits are about is PREPA's claim that it's entitled to confiscate back or claw back the money that it paid to my clients. And that's a claim not for enforcement of the contract. It's a claim that's entitled to that extreme remedy as a matter of Puerto Rico law. And so that's clearly not a claim seeking to enforce the contract. It's a claim for a violation of a Puerto Rico statute seeking remedy, a confiscation remedy under Puerto Rico law. I would also say that we addressed each of the claims in the contracts at pages, I believe, 32 to 35 of our blue brief and explain why none of the claims are for claims based on terms and conditions of the contract. The problem is the contract has not the word based on, not the word arising out of, it's regarding. And you've got a contract that has a clause in it that says that this is automatically rescissionable upon the following event. But I think you have to go back to what their claim is. They're saying it wasn't rescinded and they're saying it was. Their claim is there's a violation of law 458. They're not seeking to enforce that, any provision of the contract, even that certification provision. Well, it's the identical 928C of the statute and the clause of the contract are identical. Well, they're actually not because one of the things is that the statute has a definition of juridical person, I believe, and the certification language is a little bit different. No, no, I'm not talking about the certification language. I'm talking about Section 928E, which says any contract shall be deemed to include within it the rescission clause. And, again, I think you have to go back to their complaints to see what they're alleging here, the claims that they're bringing, and they do not pertain to the terms and conditions of the contract. And the last thing I would say, with the Court's permission, is we do think it's a fundamentally unfair situation where they're coming into court with the claims that these contracts are null void of an issue without any legal effect whatsoever, and yet seeking to return these cases back to Puerto Rico on the basis of a form selection clause in the very contracts they say don't exist. Thank you, Your Honors. Thank you.